SPENCER P. HUGRET (SBN: 240424)
shugret@grsm.com
KATHERINE P. VILCHEZ (SBN: 212179)
kvilchez@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
FORD MOTOR COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTY KOHNDROW an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY, a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 5:23-cv-04354-PCP<br><br>**DEFENDANT FORD MOTOR COMPANY'S OPPOSITION TO PLAINTIFF KRISTY KHONDROW'S MOTION FOR $46,708.15 IN ATTORNEY'S FEES AND COSTS**<br><br>*[Filed with the Declarations Katherine P. Vilchez and Hailey M. Rogerson]*<br><br>Hearing Date: June 13, 2024<br>Time: 10:00 a.m.<br>Dept.: 8<br><br>Sup. Ct. Comp. Filed: June 20, 2023<br>Removed: August 24, 2023 |

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

# <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION ............................................................................. 1

II.   STATEMENT OF RELEVANT FACTS ........................................... 3

    A.    Pre-Litigation .......................................................................... 3

    B.    Filing of the Complaint and Removal .................................... 3

    C.    Settlement Negotiations Relating to the Underlying Case .... 3

    D.    Fee Negotiations ..................................................................... 5

III.  LEGAL ARGUMENT ...................................................................... 6

    A.    All Fees Incurred After The Early Settlement Offer Are
            Unreasonable. ......................................................................... 7

    B.    All Fees Incurred Before Plaintiff Retained Counsel Are
            Improper and Not Recoverable. .............................................. 9

    C.    The Fees Rates are Excessive and Unreasonable as Partners
            Inappropriately Performed the Majority of the Work. ........... 9

    D.    All Fees Sought for Anticipatory Work (That May Never Occur)
            Are Impermissible. ................................................................ 10

    E.    Plaintiff's Failure to Meet and Confer Warrants Denial of Any
            Fees Related to the Filing of This Motion. ........................... 11

    F.    Plaintiff Should Not be Awarded Fees for Excessive Billing ............. 11

    G.    A Multiplier is Not Warranted. ............................................. 16

IV.  CONCLUSION ............................................................................... 17

**Gordon Rees Scully Mansukhani, LLP**
315 Pacific Avenue
San Francisco, CA 94111

DEFENDANT FORD MOTOR COMPANY'S OPPOSITION TO PLAINTIFF KRISTY
KHONDROW'S MOTION FOR $46,708.15 IN ATTORNEY'S FEES AND COSTS

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*569 East County Boulevard LLC v. Backcountry Against the Dump, Inc.*,
6 Cal.App.4th 426 (2016) ................................................................................. 9

*Camacho v. Bridgeport Fin., Inc.*,
523 F.3d 973 (9th Cir. 2008) ........................................................................... 16

*Gonzalez v. City of Maywood*,
729 F.3d 1196 (9th Cir. 2013) ........................................................................... 6

*Ingram v. Oroudijan*,
647 F.3d 925 (9th Cir. 2011) ............................................................................. 6

*Ketchum v. Moses*,
24 Cal.4th 1122 (2001) ...................................................................................... 6

*Levy v. Toyota Motor Sales, USA, Inc.*,
4 Cal.App.4th 807 (1992) ................................................................................. 12

*McKenzie v. Ford Motor Company*,
238 Cal.App.4th 695 (2015) .............................................................................. 6

*Meister v Regents of Univ. of Cal.*,
67 Cal.App.4th 437 (1998) ............................................................................ 7, 8

*Mikaeilpoor v. BMW of North America, LLC*,
48 Cal.App.5th 240 (2020) ............................................................................ 6, 7

*Morris v. Hyundai Motor America*,
42 Cal.App.5th 24 (2019) .................................................................................. 9

*Morris v. Hyundai*,
41 Cal.App.5th 24 (2019) ............................................................................... 7, 9

*Nightingale v. Hyundai Motor America*,
31 Cal.App.4th 99 (1994) ......................................................................... 2, 6, 12

*PLCM Group, Inc. v. Drexler*,
22 Cal.4th 1084 (2000) .................................................................................... 16

*Serrano v. Unruh*,
32 Cal.3d 621 (1982) ......................................................................................... 7

*Thayer v. Wells Fargo Bank*,
92 Cal.App.4th 819 (2001) ............................................................................... 16

**Gordon Rees Scully Mansukhani, LLP**
315 Pacific Avenue
San Francisco, CA 94111

DEFENDANT FORD MOTOR COMPANY'S OPPOSITION TO PLAINTIFF KRISTY
KHONDROW'S MOTION FOR $46,708.15 IN ATTORNEY'S FEES AND COSTS

1

*Weeks v. Baker & McKenzie,*
    63 Cal.App.4th 1128 (1998)..................................................................................16

**Statutes**

Cal. Civ. Code § 1790, *et. seq.* ......................................................................6, 7, 16

Cal. Civ. Code § 1794(d)..................................................................................7, 12

**Other Authorities**

Fed. R. Civ. P. 26(f) ...............................................................................................1

Fed. R. Civ. P. 54 ..............................................................................................4, 10

Fed. R. Civ. P. 68 ....................................................................................1, 4, 5, 10

Local Rule 54-5(a)...............................................................................................11

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon Rees Scully Mansukhani, LLP**
315 Pacific Avenue
San Francisco, CA 94111

-iii-

## I.   **INTRODUCTION**

Plaintiff Kristy Kohndrow's ("Plaintiff") Motion is seeking $30,737.00 in fees, $602.65 in costs, and a 1.5 multiplier of $15,368.90 in a case that has been needlessly overworked with a settlement that was pointlessly delayed.   In her Motion, Plaintiff asserts that it was Ford Motor Company's ("Ford") delay and refusal to settle this case that resulted in the fees in this case, when in fact, it was just the opposite.  For example, when the parties' counsel were discussing settlement in this matter, Plaintiff waited over _three months_ (until January 24, 2023) to accept the November 13, 2023 settlement offer presented by Ford, despite Ford's counsel following up _five times_ during the interim.    During those three months, Plaintiff's counsel "billed" $1,736.50, gratuitously continuing to litigate this case.

As a second example, when a settlement was reached in January of 2024, Plaintiff refused to execute the Rule 68 Offer, _as Plaintiff's counsel did not want the time to start running on the deadline to file the fee motion_. They refused to do this despite the fact that Ford's counsel offered to extend the deadline to file the fee motion and drafted all necessary documents to avoid incurring additional fees and costs in the matter (_e.g._, the Notice of Settlement and had previously drafted a Stipulation to Extend the Time to File the Fee Motion).  This forced the parties to incur significant fees and costs for drafting and filing the Rule 26(f) Case Management Statement. Notably, in 14 days between the parties agreement to settle (January 24, 2024) and Plaintiff's filing of the Notice of Acceptance of the Rule 68 Offer (February 7, 2024), Plaintiff's counsel "billed" an additional $4,303.55 needlessly continuing to litigate this case, with the majority of this dedicated to the drafting of the Joint Rule 26 Report.

In addition to the above, Plaintiff is also seeking fees for other time entries that are wholly inappropriate, excessive, or otherwise not reasonable to the conduct of the litigation.  For example, Plaintiff is seeking $3,415.50 for fees that were "incurred" for "work" performed by Plaintiff's counsel _**before**_ they were retained by Plaintiff (and in relation to the retainer).  Ford should not have to pay for the "work" Plaintiff's counsel

DEFENDANT FORD MOTOR COMPANY'S OPPOSITION TO PLAINTIFF KRISTY
KHONDROW'S MOTION FOR $46,708.15 IN ATTORNEY'S FEES AND COSTS

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

performed in attempting to obtain Plaintiff as a client. Similarly, Plaintiff's counsel has asked this Court to award $2,012.50 in fees for ***anticipated*** "work" for handling the vehicle surrender, settlement disbursement and "file closing issues." Initially, Plaintiff should not be awarded fees for work that has not yet occurred (and may never occur). Moreover, at the time of the filing of this Motion, the settlement documents had been filed with the Court and all vehicle surrender paperwork had been exchanged, leaving only: (1) the physical surrender of the vehicle (which is not attended by Plaintiff's counsel); and (2) the sending of the settlement check. In sum, this Court should not award Plaintiff should not be awarded for padding their invoices with imaginary "fees." Further details and examples of Plaintiff's inappropriate fee requests will be set forth below.

The Court should also be made aware that two firms unnecessarily represented Plaintiff in this simple lemon law case (Joseph Kaufman and Associates ("the Kaufman firm") and Law Office of Jeffrey Le Pere ("the Le Pere firm"), increasing inefficiency and inappropriate duplication of efforts. Moreover, Joseph Kaufman, and his firm, did not even appear in the Federal action until ***after*** the case was settled and the fee motion needed to be filed. As to the Le Pere firm, Mr. Le Pere created his "firm" the ***same month*** that this case was filed, charged an exorbitant $600.00 an hour. Inexplicably, the two named partners, Messrs. Kaufman and Le Pere, billed 47.9 out of the 56.9 total hours billed in this case, which amounted to $28,562.00 of the total $30,737.00 billed, at the rates of $595.00 and $600.00, *respectively*, instead of appropriately tasking associate and paralegal work to others at a lesser rate.

As this Court is aware, a prevailing buyer in a lemon law case has the burden of "showing that the fees incurred were 'allowable,' were 'reasonably necessary to the ***conduct of the litigation*,'** and were 'reasonable in amount.'" *Nightingale v. Hyundai Motor America*, 31 Cal.App.4th 99, 152 (1994). Above, are but a few examples of the excessive and inappropriate nature of Plaintiff's fee request, which will be more fully briefed below.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

-2-

## II.     STATEMENT OF RELEVANT FACTS

### A.     Pre-Litigation

On April 19, 2023, Plaintiff retained the law offices of Joseph Kaufman & Associates to represent her in this matter.  (Declaration of Katherine P. Vilchez ("Vilchez Decl."), Exh. A, p. 1.)  On April 27, 2024, Plaintiff sent a demand package *via* mail to Ford Motor Company.  (Vilchez Decl., Exh. B.)  This package included a two-page "form" demand letter, the sales contract, the window sticker, and repair orders.  (*Id.*)

### B.     Filing of the Complaint and Removal

On June 20, 2023, after a settlement was not reached, Plaintiff filed the Complaint in this action, which totaled six pages. (Vilchez Decl., Exh. C.) The only case-specific allegations in the Complaint consisted of the parties' names and the identification, and date of sale, of the Subject Vehicle. (*Id.*)  Notably, the Law Office of Jeffrey Le Pere appeared as co-counsel on this pleading with the Kaufman firm. (*Id.*)  Mr. Le Pere formed his law firm the same month as the Complaint was filed.  (Dkt. No. 33-2, p. 3, ¶8.)  In August of 2023, Ford answered the Complaint, and on August 24, 2023, Ford removed this case to Federal Court. (Dkt. No. 1.)

### C.     Settlement Negotiations Relating to the Underlying Case

The parties had been actively negotiating settlement this case since before Ford answered the Complaint.  (Declaration of Hailey M. Rogerson ("Rogerson Decl."), Exh. A, *generally.*)  On November, 13, 2023, Ford offered to settle the case for a $56,465.73 repurchase of Plaintiff's vehicle, and additionally offered $8,500.00 in fees. (Rogerson Decl., Exh. A, p. 13.)  Ford also offered to further discuss the amount of attorney's fees if the offered amount was not acceptable.  (*Id.*)  After Ford's offer to settle the case was made on November 13, 2023, Ford's counsel followed up on the settlement offer *via* email *five times* over the next three months (11/17/23, 12/14/23, 1/17/24 (two emails) and 1/23/24) and one phone call, before Plaintiff responded to the offer.  Specifically, on January 23, 2024, Plaintiff's counsel finally replied to the

DEFENDANT FORD MOTOR COMPANY'S OPPOSITION TO PLAINTIFF KRISTY KHONDROW'S MOTION FOR $46,708.15 IN ATTORNEY'S FEES AND COSTS

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

settlement offer, stating "I've called our client and will let you know." (Rogerson Decl., Exh. A, pp. 9-13.)

On January 24, 2024, a settlement was reached consisting of a $56,465.73 repurchase of Plaintiff's vehicle, _which the same exact offer that was made three months prior_. (Rogerson Decl., Exh. A, pp. 6-7, ¶¶ 10, 11.) On this same day, a Rule 68 Offer was sent by Ford memorializing the same along with a Notice of Settlement. (_Id._) The Joint Case Management Statement was due to be filed the next day, on January 25, 2024. On January 25, 2024, Plaintiff's counsel refused to sign or file the Rule 68 Offer or the Notice of Settlement, that was sent the prior day, as he believed it would trigger the 14-day deadline to file Plaintiff's Motion for Attorney's Fees, which he believed would not give him time to draft the motion. (Rogerson Decl., Exh. A, pp. 4-5, ¶ 12.) In response, Ford's counsel offered to extend the deadline to file the Motion by 60-days and provided Plaintiff's counsel with a proposed stipulation outlining the same. (Rogerson Decl., Exh. A, pp. 2-4, ¶ 13.) However, Plaintiff's counsel refused to sign the stipulation and insisted on filing a Joint Case Management Statement. (_Id._) On January 25, 2024, Ford apprised this Court of this issue in the Joint Statement:

> It is Ford's position that this matter has settled, with the exception of attorney's fees and costs. That is, on January 24, 2024, the Parties, through counsel, reached a settlement in this matter concerning Plaintiff's damages. That same day, Ford provided a Rule 68 Offer outlining the terms of the settlement, along with a Joint Notice of Settlement. On January 25, 2024, Plaintiff's counsel advised they are not agreeable to sign the Rule 68 Offer, as they believe it will trigger their 14-day deadline to file a Motion for Attorney's Fees and Costs pursuant to Federal Rule of Civil Procedure, Rule 54, and Northern District of California Local Rules, Rule 54-4. While this deadline is not triggered until Judgment is entered by the Court, Ford offered to stipulate to extend this deadline at least 60-days and provided a proposed Stipulation outlining these terms. Plaintiff's counsel was unwilling to enter into the stipulation. Thus, Ford reserves its right to challenge any attorney's fees and costs associated with the filing of this joint report.

("Dkt. No. 20, p. 2:10-21.)

Ford believes that Plaintiff's counsel will attempt to argue that they did not sign the Rule 68 Offer as they were concerned about the terms of the offer. However, it should be noted that, on February 7, 2024, Plaintiff's counsel filed a Notice of

DEFENDANT FORD MOTOR COMPANY'S OPPOSITION TO PLAINTIFF KRISTY KHONDROW'S MOTION FOR $46,708.15 IN ATTORNEY'S FEES AND COSTS

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Acceptance of the ***exact same*** Rule 68 Offer sent by Ford on January 24, 2024. (Vilchez Decl., Exh. D, ¶5.)   Moreover, Plaintiff's counsel's contention that they negotiated the terms of the Rule 68 Offer to not include "onerous terms," that would be found in settlement agreement, is baseless. (Dkt. Nos. 33, p. 2:20-25 and 33-2, ¶2.) In fact, it was Ford's counsel who chose the Rule 68 Offer as a settlement vehicle and drafted the terms to which Plaintiff ultimately agreed, absent negotiation.  (Rogerson Decl., ¶ 11.)

### D.    Fee Negotiations

After the case was settled on February 7, 2024, Plaintiff waited until April 11, 2024 to provide a fee demand of $26,760.15 in this matter.  (Vilchez Decl., ¶7, Exh. E.) At the same time, Plaintiff requested that Ford stipulate to extend the April 16, 2024 deadline to file the fee motion to May 15, 2024 to allow the parties to meet and confer on the matter. (*Id.*)  Ford agreed and a stipulated order was entered by this Court on April 16, 2024. (Dkt. No. 32.)  Despite requesting the extension to May 15, 2024, on April 30, 2024, Plaintiff suddenly increased her fee demand to from $26,760.15 to $31,339.65, stating that Plaintiff's counsel had drafted the fee motion and sought additional fees for the same. (Vilchez Decl., ¶8, Exh. F.)  Plaintiff then prematurely filed the fee motion on May 3, 2024. (Dkt. No. 33.)  Setting aside the fact that Plaintiffl did not use the additional time granted by this Court to meet and confer on the fees and costs in this action, Ford's counsel reached out to Plaintiff's counsel on May 10, 2024 regarding the fee negotiations, and, on May 13, 2024, offered $22,000.00 to settle the fees and costs in this matter. (Vilchez Decl., ¶9.)  No resolution was reached.  (*Id.*)  It is Ford's position that the fees and costs would have been resolved in this matter if Plaintiff's counsel had not prematurely drafted and filed the fee motion before the parties had time to negotiate.[1]  (Vilchez Decl., ¶10.)

---

[1] It should be noted that it is frequently necessary to scrutinize fees and costs demands in these cases as they often do not reflect the actual work performed.  For example, in

DEFENDANT FORD MOTOR COMPANY'S OPPOSITION TO PLAINTIFF KRISTY
KHONDROW'S MOTION FOR $46,708.15 IN ATTORNEY'S FEES AND COSTS

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

### III.   LEGAL ARGUMENT

Courts have unilateral discretion to reduce fees in any way they choose. *Mikaeilpoor v. BMW of North America, LLC*, 48 Cal.App.5th 240, 254 (2020). If the time expended or the charge are not reasonable under all circumstances, then the trial court must take that into account and award attorney's fees in a lesser amount. *See McKenzie v. Ford Motor Company*, 238 Cal.App.4th 695, 703 (2015).

A prevailing buyer in a Song-Beverly Act case has the burden of "showing that the fees incurred were 'allowable,' were 'reasonably necessary to the conduct of the litigation,' **and** were 'reasonable in amount.'" *Nightingale v. Hyundai Motor America*, 31 Cal.App.4th 99, 152 (1994).  Courts "may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.'" *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). "[T]rial courts must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation." *Ketchum v. Moses*, 24 Cal.4th 1122, 1132 (2001).  If a court determines that some hours billed are not reasonable, it may exclude them by either conducting an "hour-by-hour analysis" of the fee request or making an "across the board percentage cut." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013).

Courts have become weary of the excessive fee demands sought in Song-Beverly cases, and have been significantly slashing the amount of fees awarded. In *Mikhaeilpoor*, the court upheld a 70% reduction of a fee request, reasoning that the

---

this case, when Plaintiff made settlement demand on September 2, 2023, she made a fees and costs demand of $16,750.00.  (Vilchez Decl., ¶11, Exh. G.)  Looking at Plaintiff's counsel's billing at that time, Plaintiff's counsel only billed $11,111.50 as of September, 2, 2023, $3,415.50 of which was "incurred" for "work" performed by Plaintiff's counsel **_before_** they were even retained by Plaintiff (and in relation to the retainer). (Vilchez Decl., Exh. A.) So, in sum, Plaintiff's counsel only billed $7,696.00 in fees between the time they were actually retained in this case and September 2, 2023, but still demanded $16,750.00 in fees and costs for that same time period.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

1  plaintiff's inflated fee demand "was just not reasonable" for a vanilla Song-Beverly

2  case. *Id.*, at 245. As another example, in *Morris v. Hyundai*, 41 Cal.App.5th 24 (2019),

3  involving a plaintiffs' lemon law firm, the trial court properly decreased the requested

4  fees by 60%. The trial court was not swayed by Plaintiffs' arguments that their

5  expertise and experience led to efficient litigation, and reduced the fee award

6  substantially. *Id.*, at 34.

### A.  All Fees Incurred After The Early Settlement Offer Are Unreasonable.

8  The ability of a prevailing plaintiff to recover fees is not a blank check to

9  unreasonably incur more fees after a reasonable, early settlement offer.  Only fees

10  reasonably incurred are recoverable under the Song-Beverly Act:

> (d) If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, ***determined by the court to have been reasonably incurred*** by the buyer in connection with the commencement and prosecution of such action.

15  Cal. Civ. Code § 1794(d); emphasis added; *Serrano v. Unruh*, 32 Cal.3d 621,

16  633,635,639 (1982).  When determining the reasonableness of the fees within the

17  lodestar framework, the Court is empowered to take into consideration the fact that a

18  party continued to litigate a matter after a reasonable, albeit, informal, settlement offer.

19  *Meister v Regents of Univ. of Cal.,* 67 Cal.App.4th 437 (1998).  In *Meister,* the court

20  explored what constitutes "reasonable attorneys' fees," when they are incurred long

21  after a settlement offer has been made. The trial court in *Meister* found that the hours

22  expended after an oral settlement offer were not "reasonably spent" on the litigation

23  because plaintiff could have obtained all of the relief he ultimately achieved by

24  accepting that offer. *Id.* at 437, 449. The trial court concluded, and the Appellate Court

25  confirmed, that "***plaintiff's attorneys achieved nothing by continuing to expend their***

26  ***time after that offer***." *Id.* at 449; emphasis added.

27  This case is analogous to the *Meister* case.  A settlement offer was made on

28  November, 13, 2023, to settle the underlying case by repurchasing the vehicle for

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

$56,465.73.  Plaintiff, and her counsel, ignored this settlement offer and five follow-up attempts by Ford's counsel to discuss the same, for three months, until right before the Joint Case Management Statement was due in late January of 2024.  *In fact, according to the emails, it was not until January 23, 2024 (over three months after the offer), that Plaintiff's counsel even called their client to obtain a response to the offer.* After this three month delay, the case settled for the exact same amount as was offered in November of 2023.  Moreover, when the case was settled on January 24, 2024, Plaintiff's counsel refused to execute the agreed upon settlement before the Joint Case Management Statement was due, because they did not want the time to file the fee motion to start running.  They did this, despite the fact that Ford offered to stipulate to continue the deadline to file the fee motion.

"Attorney time spent on services which produce no tangible benefit for the client is not time 'reasonably spent.'" *Meister*, 67 Cal.App.4th at 452.  Here, the additional $16,388.50 in fees incurred in this case after Ford's early settlement offer (November 13, 2023) were not "reasonably spent" on the litigation.  In fact, all of the fees expended by Plaintiff's counsel after the settlement offer were, by definition, unreasonable as it resulted in a *no better result* for Plaintiff. *See Meister*, 67 Cal.App.4th at 449.  Moreover, there is no indication that, during this time, Plaintiff's counsel was attempting to further their client's interests the case.  *In fact, the evidence suggests that Plaintiff's counsel sat on a valid settlement offer for three months while their client was potentially unaware of the same.*  An award of fees under these circumstances would pervert the purpose of Song-Beverly Act's fee-shifting statute—to help Plaintiff recover damages, not to enrich Plaintiff's counsel at their client's expense.  Thus, the Court should reduce Plaintiff's counsel's compensation by an additional 25% after considering the below itemized deductions, or deny any fees incurred after the November 13, 2023 offer upon which the parties ultimately agreed.

//

//

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon Rees Scully Mansukhani, LLP**
315 Pacific Avenue
San Francisco, CA 94111

### B.   All Fees Incurred Before Plaintiff Retained Counsel Are Improper and Not Recoverable.

Plaintiff's counsel is seeking fees for 6.8 hours ($3,415.50) for "work" performed before the Plaintiff hired the Kaufman firm to represent her and for work performed in securing said retention. (Vilchez Decl., Exh. A, p. 1, (work through April 19, 2024).)   This "work" is obviously not "reasonably necessary to the conduct of the litigation," and was done in an effort to obtain a client for the firm.  Notably, in the experience of Ford's counsel, trial courts have consistently stricken pre-retention fees in motion such as this as the parties need a line of demarcation to determine the fee exposure. (Vilchez Decl., ¶12.)  As such, this Court should strike the $3,415.50 in fees relating to the "work" performed before Plaintiff retained counsel (and in relation to the initial retention) as it could not be for the reasonable production of the action as Plaintiff had not hired her counsel.

### C.   The Fees Rates are Excessive and Unreasonable as Partners Inappropriately Performed the Majority of the Work.

In *Morris v. Hyundai*, the court noted that an attorney's rates could be reduced based on the finding that "the matter was not complex; that it did not go to trial; *that the name partners were doing work that could have been done by lower-billing attorneys; and that all the attorneys were doing work that could have been done by paralegals*." *Morris v. Hyundai Motor America,* 42 Cal.App.5th 24 (2019) (emphasis added); see also *569 East County Boulevard LLC v. Backcountry Against the Dump, Inc.*, 6 Cal.App.4th 426, 438-439 (2016) [finding billing rate reduction of senior attorney was justified where the attorney did "the yeoman's work" that would ordinarily be done by more junior associates with low billing rates].

Here, in a routine lemon law case, Messrs. Kaufman and Le Pere, the named partners in their firms, performed 86% of the work, billing at the high rates of $595.00 and $600.00 an hour, *respectively*.  (Vilchez Decl., Exhs. A and H.) Most of that work -- which included items such as drafting form pleadings, propounding and responding to standard written discovery, and routine motion work, and scheduling and organizing the

DEFENDANT FORD MOTOR COMPANY'S OPPOSITION TO PLAINTIFF KRISTY KHONDROW'S MOTION FOR $46,708.15 IN ATTORNEY'S FEES AND COSTS

surrender of the vehicle -- should have been handled by paralegals or associates.  Instead, Messrs. Kaufman and Le Pere collectively billed 47.9 out of the 56.9 total hours billed, which amounts to $28,562.00 of the total $30,737.00 sought. In fact, Mr. Le Pere billed all of the hours attributed to his firm, himself.   While Plaintiff's counsel may argue that they deserve the high rates of $595.00 and $600.00 an hour, they certainly do not deserve said rates for performing every task on the case.  For example, once a lemon law case is settled, Ford has a paralegal organize and shepherd the surrender of the vehicle.  Here, according to Plaintiff's fee invoices, Mr. Kaufman personally billed 6.3 hours at the rate of $595.00 ($3,748.50) for work related to the surrender of the vehicle.  As further example, Mr. Kaufman billed 2.1 hours at the rate of $595.00 ($1,249.50) researching and drafting a three sentence stipulation to continue this fee motion.  (Vilchez Decl., Exh. A.) Similarly, although Mr. Le Pere admits in his declaration that he has retained an associate at his firm, he spends his time, at the rate of $600.00 an hour, preparing a repair history on the vehicle, researching Rule 54 & 68, preparing an email to the court re: the proposed judgment, and preparing the form Notice of Acceptance and Proposed Judgment. (Vilchez Decl., Exh. H.)

In short, Plaintiff's Motion did not – and cannot – explain why named partners, with "vast amount" of legal experience, billed for a majority of the time spent in litigating this simple lemon law case.  For this reason, Ford requests that the Court exercise its right to reduce the rates of Messrs. Kaufman and Le Pere from $595.00 and $600.00 an hour to $450.00 an hour to account for the fact that they improperly performed work that could have been performed at lower rates by associates, paralegals or secretaries.

### D.      All Fees Sought for Anticipatory Work (That May Never Occur) Are Impermissible.

If this Court considers awarding fees after the November 13th settlement offer, it should not allow fees for anticipatory work that has not yet occurred.  Specifically, Plaintiff seeks $2,102.50 in fees for 5.5 hours related to "anticipated time" to be spent on handling the surrender and closing the case.  (Vilchez Decl., Exh. A, p. 5, (first two

1  entries on 5/1/24).)  This argument is particularly groundless since, at the time of this

2  Motion's filing, all of the paperwork had been given to Ford for the surrender for the

3  vehicle and the surrender took place on May 15th, leaving only the settlement check to

4  be sent.  Based upon the forgoing, Ford requests that this Court deny the $2,102.50 in

5  requested fees for anticipatory work.

6    **E.** **Plaintiff's Failure to Meet and Confer Warrants Denial of Any Fees Related to the Filing of This Motion.**

7     The Northern District's Local Rule 54-5(a) states that "Counsel for the

8  respective parties must meet and confer for the purpose of resolving all disputed issues

9  relating to attorney's fees before making a motion for award of attorney's fees."  If this

10  Court considers awarding fees after the November 13th settlement offer, Plaintiff's

11  counsel should not be awarded any fees or costs related to the filing of this Motion as

12  they did not meet and confer in good faith.  Plaintiff waited over two months from

13  when the Notice of Acceptance of the settlement was filed and six days before the

14  Motion was due (April 11th) to present a fee demand in this case.  On this same day,

15  Plaintiff's counsel requested that Ford stipulate to continuing the April 16th deadline to

16  file the fee motion for 29 days, to May 15th, so the parties could meet and confer on the

17  issue.  After Ford acquiesced, and this Court agreed, Plaintiff's counsel prematurely

18  drafted the fee motion by April 30th and then increased fee demand over $5,000.00, to

19  compensate for this additional work.  Plaintiff then filed the same motion on May 3rd.

20  These actions make it clear that Plaintiff, and her counsel, never intended to meet and

21  confer over the fees and costs in good faith.  Instead, they only wanted the fee motion

22  deadline to be continued to allow them more time to draft and file the fee motion.  Thus,

23  Ford should not have to pay for the 5.0 hours in fees ($2,977.50) associated with filing

24  this Motion due to Plaintiff, and her counsel, clear intent to operate in bad faith.

25    **F.** **Plaintiff Should Not be Awarded Fees for Excessive Billing.**

26     The Song Beverly Act only contemplates recovery of ***reasonable*** attorney's

27  fees, costs and expenses incurred in the commencement and prosecution of the action.

28

(Civ. Code § 1794(d).)  The attorneys' fee provision requires that if "the time expended or monetary charge for the time being expended are not reasonable under all the circumstances, then the court must take this into account and award attorney fees in a lesser amount." *Nightingale v. Hyundai Motor Am.*, *supra*, at 104.  In *Levy,* plaintiff prevailed on his Song-Beverly action and then sought his attorney's fees pursuant to Civil Code section 1794(d). The trial court substantially reduced the fees and costs, finding the plaintiff's request "grossly exaggerated." *Levy v. Toyota Motor Sales, USA, Inc.*, 4 Cal.App.4th 807, 816 (1992).

### 1. <u>Pre-November 13, 2023 Early Settlement Offer</u>

Ford is requesting the following itemized deductions (before Ford's November 13, 2023 settlement offer):

- 4/21/23 (Kaufman firm) - 3.5 hours ($2,082.50) - "TC with client, prepare demand letter setting forth sales and service history, application of law, and prepare exhibits." (Vilchez Decl., Exh. A.)

<u>Reduction</u>: Reduce by 1/2 (-$1,041.25)  Excessive- This package included a two-page "form" demand letter, which contained little case specific information, the sales contract, the window sticker, and repair orders. (Vilchez Decl., Exh. B.)

- 8/23/23 (Kaufman firm) – 0.3 hours ($178.50) - "Correspondence from Wesner again confirming Ford's refusal to repurchase the vehicle in violation of California's Song-Beverly Act."  (Vilchez Decl., Exh. A.)

<u>Reduction</u>: Reduce 0.2 (-$119.00) Excessive- This is a one line email. (Vilchez Decl., Exh. I.)

- 6/16/23 (Le Pere firm) – 2.1 hours ($1,260.00) "Prep Complaint" (Vilchez Decl., Exh. H.)

<u>Reduction</u>: Reduce by 1/2 (-$630.00) Excessive- This is a form Complaint with only paragraph changed regarding the vehicle year, make, model and date of purchase. (Vilchez Decl., Exh. C.)

//

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

### 2. _Post-November 13, 2023 Early Settlement Offer_

If this Court considers awarding fees after the November 13th settlement offer, Ford is requesting the following additional itemized deductions:

- Strike the Le Pere firm time entries (-$660.00) relating to Court filings between the time of Ford's offer on 11/1/3/23 and Plaintiff's acceptance on January 24, 2024 as they were unnecessary and incurred as a result of Plaintiff's delay in accepting the offer (Vilchez Decl., Exh. H):

| | | | |
|---|---|---|---|
| 11/20/2023 | Prep Stip re: ADR Process | 0.10 | $60.00 |
| 11/20/2023 | Rev ADR Clerl notice of non-compliance | 0.10 | $60.00 |
| 11122/2023 | Rev draft pleadings and prep reply to Halley Rogerson | 0.3 | $180.00 |
| 11/28/2023 | Prep rasp email to Hailey Rogerson re: court documents | 0.10 | $60.00 |
| 11/28/2023 | Rev filed Stip & order. re: ADR | 0.10 | $60.00 |
| 11/29/2023 | Rev Doc 17 Order Granting Stip to Cont. CMC | 0.10 | $60.00 |
| 11/29/2023 | Prep Cal Memo re; Case Management Conf filings | 0.10 | $60.00 |
| 12/9/2023 | Rev Joint Stip to Continue CMC | 0.10 | $60.00 |
| 12/9/2023 | Rev [Proposed] Order Granting Joint Stip to Continue CMC | 0.10 | $60.00 |

- Strike all time entries (-$1,798.00) relating to the drafting and filing of the January 25, 2024 Rule 26(f) Case Management Statement as it was unnecessary as Plaintiff's counsel could have executed the settlement agreement and informed the Court on January 24, 2024

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

-13-

Le Pere Firm (Vilchez Decl., Exh. H):

| 1/25/2024 | Prep draft joint report | 0.80 | $480.00 |
|---|---|---|---|
| 1/25/2024 | Prep draft joint report | 0.70 | $420.00 |
| 1/25/2024 | Prep email to Halley Rogerson re: joint report | 0.10 | $60.00 |
| 1/25/2024 | TCW Halley Rogerson re.; Rule 68 and Joint Report | 0.20 | $120.00 |
| 1/25/2024 | Follow-up email re: revised Joint Report | 0.10 | $60.00 |
| 1/25/2024 | Rev & revise draft joint report | 0.20 | $120.00 |
| 1/25/2024 | Prep email to counsel re: revised joint report | 0.10 | $60.00 |
| 1/25/2024 | Prep rasp email to Halley Rogerson re: status  - | 0.10 | $60.00 |
| 1/25/2024 | Rev redlined copy of draft joint report | 0.30 | $180.00 |

Kaufman Firm: 1/25/24- 0.4 hours ($238.00) Revisions to joint statement and memo re timing Issues with fee motion after Rule 68 judgment.  (Vilchez Decl., Exh. A.)

• 1/31/24 (Kaufman firm) – 1.2 hours ($714.00) - "Review Rule 68 Offer, memo re repurchase calculation based off of sales contract, and TC and correspondence to client re the same, and memo re drafts of notice of acceptance of Rule 68 Offer arid Proposed Judgment.."  (Vilchez Decl., Exh. A.)

Reduction: Reduce by 1/2 (-$357.00) Excessive- The case had already been settled verbally, and this is a typical Rule 68 Offer used by the parties' counsels in these cases. Moreover, it is unnecessary for the named partner to draft a memo to himself.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

DEFENDANT FORD MOTOR COMPANY'S OPPOSITION TO PLAINTIFF KRISTY KHONDROW'S MOTION FOR $46,708.15 IN ATTORNEY'S FEES AND COSTS

- Strike all time entries (-$1,260.00) relating to the drafting and filing of the Stipulation to Continue the Deadline to File the Fee Motion as this was Plaintiff's issue and request, and not Ford's.  Moreover, the stipulation was one page and had been previously drafted by Ford. (Vilchez Decl., Exh. A; Dkt. Nos. 31, 32):

| 4/11/2024 | JD | Meet and confer correspondence to Ford proposing stipulation to extend time to file fee motion, and re meet and confer re attorney fee and cost motions. | 0.03 | $178.50 |
|---|---|---|---|---|
| 4/12/2024 | JK | Exchange correspondence with T, Clayton re plaintiff's request for an extension to fife fee and cost motion. | 0.2 | $119.00 |
| 4/12/2024 | JK | TO with client re vehicle surrender process and correspondence to her re vehicle surrender. | 0.3 | $178.50 |
| 4/12/2024 | JK | Revisions to/file stipulation to extend deadline to file fee motion, and correspondence with Ford's counsel re the same. | 0.2 | $119.00 |
| 4/12/2024 | BL | Legal research and analysis of Northern District of California Local Rules regarding | 0.4 | $190.00 |

| | | extensions for filing fee motions and requests for costs; | | |
|---|---|---|---|---|
| 4/12/2024 | BL | Draft stipulation and order to extend time for motion for attorney's fees; | 1.0 | $475.00 |

### G.     A Multiplier is Not Warranted.

The California Supreme Court has repeatedly observed that "a lodestar figure may be adjusted not just upward but also, where appropriate, downward." *Thayer v. Wells Fargo Bank*, 92 Cal.App.4th 819, 840 (2001).  A court has discretion to decrease the lodestar by looking at factors including "'the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case.'" *PLCM Group, Inc. v. Drexler,* 22 Cal.4th 1084, 1096 (2000). Even where a party prevails on a single cause of action for which he or she is entitled to attorney fees, if the court determines the attorney's work on that claim is duplicative or excessive, the court has broad discretion to apply a negative multiplier to the lodestar amount. *See, e.g., Thayer v. Wells Fargo Bank*, *supra*, 840-845 (2001).

There is a "strong presumption" that the unadorned lodestar figure, without multipliers, constitutes a reasonable fee award.  *See, e.g., Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 982 (9th Cir. 2008).  Here, there is no basis for an upward multiplier this case due to: (1) the lack of any novelty and difficulty of the questions involved and the skill displayed in presenting the case; (2) the fact that the litigation did not preclude other employment by the attorney; and (3) the lack of contingent nature of the fee award, given the mandatory fee-shifting statute (unlike cases awarding fees under private attorney general theories), and the near certainty of prevailing on the merits, given the generous nature of the consumer protections in the Song-Beverly Act. *See Weeks v. Baker & McKenzie*, 63 Cal.App.4th 1128, 1174-1175 (1998) [multiplier not warranted for contingency risk on claim with a mandatory fee-shifting provision,

-16-

because "the possibility of receiving full compensation for litigating the case was greater than that inherent in most contingency fee actions"]. As Plaintiff's' counsel's fees are improperly inflated by unreasonable hourly rates and the claiming of fees that are unwarranted or inappropriate, and there is no other basis to award a multiplier, the Court should deny Plaintiff's request for a multiplier in this case. In fact, it is Ford's position that this Court should award a negative multiplier for Plaintiff's counsel's blatant padding of the fees in this case and deceptive and inappropriate actions taken during the pendency of this action.

## IV.   **CONCLUSION**

Based upon the foregoing, Ford is requesting that: (1) the multiplier be denied as the issues are not complex (Section III(G)); (2) Plaintiff's counsels' fee rate be reduced to $450.00 an hour to to account for the fact that named partners improperly performed work that could have been performed at lower rates by associates, paralegals or secretaries (Section III(C)); (3) the fees charged before and in relation to Plaintiff retained counsel be stricken (Section III(B));  (4) the excessive fees up until the November 13, 2023 settlement offer  be stricken (Section III(F)(1)); and, (4) the fees be cut off at November 13, 2023, the date of early settlement offer as further fees are unreasonable (Section III(A)).

If the Court does not strike the post-November 13, 2024 fees, Ford additionally requests that: (1) the excessive fees after the November 13, 2023 settlement offer be stricken (Section III(F)(2)); (2) the fees in relation to the filing of the fee motion be stricken due to a failure to meet and confer in good faith (Section III(E)); and (4) the fees related to anticipatory work not performed be stricken as improper (Section III(D)).

Dated: May 17, 2024

Respectfully submitted

By:    */s/ Katherine P. Vilchez*
Spencer P. Hugret
Katherine P. Vilchez
Attorneys for Defendant
FORD MOTOR COMPANY

**Gordon Rees Scully Mansukhani, LLP**
315 Pacific Avenue
San Francisco, CA 94111

DEFENDANT FORD MOTOR COMPANY'S OPPOSITION TO PLAINTIFF KRISTY KHONDROW'S MOTION FOR $46,708.15 IN ATTORNEY'S FEES AND COSTS